FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUN 20 P 5: 09

CLERK'S OFFICE
AT BALTIMORE

BY_____ _DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KERRY WOODARD | * |
| Plaintiff | * |
| v | * Civil Action No. RDB-11-1097 |
| DAYENA CORCORAN | * |
| Defendant | * |

\*\*\*

## MEMORANDUM OPINION

On June 16, 2011, counsel filed a Response to Show Cause concerning Plaintiff's allegations that he is being threatened. ECF No. 15. Also pending are Plaintiff's Motions to Proceed in Forma Pauperis[1] (ECF No. 5); Request for Production of Documents (ECF No. 13); and Motion for Appointment of Counsel (ECF No. 14).

Plaintiff alleges that while he was confined at Maryland Correctional Institution at Jessup (MCIJ) Sergeant Bullock told other inmates that he is a "snitch," making him a target for a prison gang. Plaintiff is the victim of an assault which occurred at the Metropolitan Transition Center (MTC) and he is testifying against the two inmates who assaulted him. In addition to the allegations concerning Bullock, Plaintiff claims he has been a perennial target for gang violence because correctional officers repeatedly labeled him as a snitch and have assaulted him because of his cooperation in the Iko case.[2] ECF No. 1, 4, and 9. Plaintiff seeks injunctive relief in the form of a transfer to federal custody. ECF No. 4.

Defendants assert that Plaintiff's claim for injunctive relief is now moot because he was transferred from MCIJ to Western Correctional Institution (WCI) on June 8, 2011. ECF No. 15.

---

[1] The Court-Ordered Inmate Account Statement has not been received, therefore, the motion will be granted.

[2] Ifeanyi A. Iko was an inmate who died while in Division of Correction Custody after being subjected to pepper spray and constrained with a spit mask. *See Iko v. Galley*, Civ. Action DKC-04-3731 (D. Md.).

An investigation into Plaintiff's claim regarding Bullock revealed that the allegation could not be supported by credible evidence. Bullock charged Plaintiff with several rule infractions for which he was found guilty and is now serving a disciplinary segregation sentence that will expire in December, 2011. Plaintiff's letter to the Court concerning Bullock's alleged cooperation with gang members followed the adjustment proceedings. When Plaintiff was interviewd by the Internal Investigation Unit (IIU) about his allegations against Bullock, he could offer no witnesses to her behavior and admitted he had not been assaulted at MCIJ. *Id.* at Ex. A. Nevertheless, Plaintiff was transferred to WCI where he was assigned to disciplinary segregation. *Id.* at Ex. B. Upon notification of Plaintiff's claim that he is a target of a gang known as Dead Men Incorporated (DMI), he was assigned to administrative segregation pending investigation at WCI. *Id.* According to WCI staff, Plaintiff has voiced no concerns about his safety at WCI. *Id.* at Ex. C. Finally, counsel suggests that current inquiries into how best to address Plaintiff's claims may result in a transfer via the Interstate Corrections Compact (ICC).

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

To the extent that Plaintiff is no longer house at MCIJ where he claimed he was targeted, it appears his request for injunctive relief may be moot. The Court notes, however, that his initial request for injunctive relief sought transfer to federal custody. Thus, he will be provided an opportunity to provide evidence that he will suffer irreparable harm if his specific request for relief is not granted. Additionally, he is directed to respond to the allegations raised in Defendants' Response to Show Cause, which shall be construed as a Motion for Summary Judgment. Plaintiff is forewarned that failure to file a response will result in dismissal of his claims without further notice.

Plaintiff's request for Production of Documents seeks copies of all prison records, medical records including all photos of injuries suffered, and the complete employment history and background of Bullock, including suits or reprimands for misbehavior. ECF No. 13. At this stage in the case, Plaintiff's discovery request is premature and will be denied.[3]

In support of his Motion for Appointment of Counsel, Plaintiff cites his lack of money and his incarceration. ECF No. 14. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[4] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

---

[3] *See* Local Rule 104.4 (D. Md. 2010).

[4] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated and no hearing is necessary to the disposition of this case. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1).

A separate Order shall be entered in accordance with this Memorandum Opinion.

June 20, 2011
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE